UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONGHAU HUU TO,

                                                                  Case No.  8:14-cv-1453-T-17TBM
                                                                         8:94-cr-293-T-17TBM

v.

UNITED STATES OF AMERICA,
_____

**O R D E R**

This cause is before the Court on Huu To's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence.  (Doc. cv-1; cr-659). Hoo Tu challenges the validity of his sentences in his criminal case based *Alleyne v. United States,* 133 S. Ct. 2151 (2013).

Rule 4, Rules on Motions Attacking Sentence Under Section 2255, requires both a preliminary review of the motion to vacate and a summary denial "[i]f it plainly appears from the face of the motion to vacate and any exhibits annexed to it that the defendant is not entitled to relief in the district court. . . ."

In 1999, Huu To challenged this same conviction in 8:99-cv-1458-T-17. (Doc. cr-544).  The motion to vacate was denied on the merits.  (Doc. cr-565, 566). The United States Court of Appeals for the Eleventh Circuit denied Huu To's motion for a certificate of appealability. (Doc. cr-574).  Now, Huu To seeks to challenge the same sentence in the present motion to vacate.

Huu To is precluded from pursuing a second or successive petition without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 615, 664 (1996); *Dunn v. Singletary*, 158 F.3d 440, 442 (11th Cir. 1999).

Whether *Alleyne* permits Huu To's filing a second or successive motion to vacate for the circuit court to determine. This court lacks jurisdiction to review Huu To's motion to vacate until the circuit court grants Huu To permission to file a second or successive motion to vacate. *Burton v. Stewart*, 549 U.S. 147, 157 (2007)("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the Court orders:

That Huu To's motion to vacate petition is dismissed as second or successive without permission from the circuit court. The Clerk is directed to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability because Defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Defendant to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Defendant shall be required to pay the full amount of the appellate filing fee

pursuant to § 1915(b)(1) and (2).

ORDERED at Tampa, Florida, on June 20, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Conghau Huu To