# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 28, 2016

Sheryl L. Loesch
U.S. District Court
801 N FLORIDA AVE
TAMPA, FL 33602-3849

Appeal Number:  16-14655-J
Case Style:  In re: Conghau To
District Court Docket No:  8:94-cr-00293-EAK-TBM-1

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Davina C. Burney-Smith/jfc, J
Phone #: (404) 335-6183

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14655-J
_____

IN RE: CONGHAU HUU TO,

                                                                                                                           Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before: HULL, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

B Y  T H E  P A N E L:

      Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Conghau Huu To has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies

the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that our determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, To indicates that he wishes to raise two claims in a second or successive § 2255 motion. He asserts that both of his claims rely upon a new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in which the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as unconstitutionally vague. In his first claim, To argues that his three convictions under 18 U.S.C. § 924(c) for using a firearm during and in relation to a crime of violence are now void because, after *Johnson*, his companion convictions for "conspiracy to commit robbery" are no longer "crimes of violence" within the meaning of § 924(c). In his second claim, he contends that his convictions for engaging in, and conspiring to engage in, a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c) and (d), are also void because the racketeering activities used to sustain those convictions are no longer "crimes of violence" in light of *Johnson*.

Following a jury trial, To was convicted of: (1) engaging in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c) (Count 1); (2) conspiracy to engage in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (Count 2); (3) conspiracy to interfere with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (Count 3); (4) one count of attempted robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (Count 4); (5) two counts of interfering with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C.

2

§ 1951(a) (Counts 5 and 6); and (5) three counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 7, 8, and 9). The "pattern of racketeering activity" alleged in Counts 1 and 2 included multiple acts of: (1) robbery, attempted robbery, and conspiracy to commit robbery, in violation of § 1951(a) and Fla. Stat. §§ 777.04(3) and 812.135; (2) murder and attempted murder, in violation of Fla. Stat. §§ 777.04(3), 777.011, and 782.04(1)(a)(1) and (2)(d); and (3) attempted murder of a person with the intent to prevent that person from communicating to a law enforcement officer information relating to the commission of federal offenses, in violation of 18 U.S.C. § 1512(a)(1)(C). To was not subject to an enhancement under the ACCA.

Here, assuming, *arguendo*, that *Johnson* invalidates the residual clause in § 924(c)(3)(B), To has made a *prima facie* showing that he is entitled to relief from one of his § 924(c) convictions based on *Johnson*. According to his indictment, To was convicted on Count 7 of using a firearm during an attempted Hobbs Act robbery. We have determined that a companion conviction for attempted Hobbs Act robbery may not categorically qualify as a crime of violence under § 924(c)'s use-of-force clause. *See In re Gomez*, No. 16-14104, manuscript op. at 6–8 (11th Cir. July 25, 2016); *see also* 18 U.S.C. § 924(c)(3)(A); *In re Gordon*, Nos. 16-13681, 16-13803, manuscript op. at 7 n.4 (11th Cir. July 8, 2016) (explaining why categorical analysis in ACCA cases may not apply to § 924(c) cases); *In re Colon*, Nos. 16-13021, 16-13264, manuscript op. at 6–7 (11th Cir. June 24, 2016) (concluding that a companion conviction for aiding and abetting a Hobbs Act robbery clearly qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause). Therefore, To's companion conviction for attempted Hobbs Act robbery implicates the residual

clause in § 924(c)(3)(B), and we grant his application to the extent that he challenges his conviction on Count 7 based on *Johnson*.

However, the indictment makes clear that the companion crimes of violence for To's § 924(c) convictions on Counts 8 and 9 were his convictions for substantive Hobbs Act robbery charged in Counts 5 and 6, respectively. We have held that a companion conviction for Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s use-of-force clause. *See In re Saint Fleur*, No. 16-12299, manuscript op. at 5–7 (11th Cir. June 8, 2016). As such, even assuming, *arguendo*, that *Johnson* does void the residual clause in § 924(c)(3)(B), To's substantive Hobbs Act robbery convictions do not implicate that clause and are not affected by *Johnson*. Therefore, To's § 924(c) convictions on Counts 8 and 9, for using a firearm in connection with a companion crime that still qualifies as a crime of violence, are also unaffected, and we deny his application with respect to these convictions.

Furthermore, *Johnson* has no implication on To's racketeering convictions because, contrary to To's assertion in his application, the statutes under which he was convicted, 18 U.S.C. § 1962(c) and (d), do not appear to require that the predicate "racketeering activities" qualify as "crimes of violence" at all. *See* 18 U.S.C. § 1962(c)–(d). Rather, racketeering activities are explicitly defined in the Racketeer Influenced and Corrupt Organizations ("RICO") Act to include only certain enumerated state and federal offenses. *See* 18 U.S.C. § 1961(1). To therefore cannot make the required *prima facie* showing that he is entitled to relief under *Johnson* as to this claim.

It is important to note that this Court's threshold determination that an applicant has made a *prima facie* showing that he has met the statutory criteria of § 2255(h), thus warranting this Court's authorization to file a second or successive § 2255 motion, does not conclusively resolve that

4

issue. *See Jordan*, 485 F.3d at 1357 (involving the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners). In *Jordan*, this Court emphasized that, after the prisoner files his authorized § 2255 motion in the district court, "the district court not only can, but must, determine for itself whether those requirements are met." *Id.* Notably, the statutory language of § 2244, which is cross referenced in § 2255(h), expressly provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id.* (quoting 28 U.S.C. § 2244(b)(4)). This Court rejected the assertion that the district court owes "some deference to a court of appeals' prima facie finding that the requirements have been met." *Id.* at 1357. This Court explained that, after the district court looks at the § 2255(h) requirements *de novo*, "our first hard look at whether the § [2255(h)] requirements actually have been met will come, if at all, on appeal from the district court's decision . . . ." *Id.* at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that this Court's threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination," as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met, and, if so, proceed to considering the merits of the § 2255 motion).

Accordingly, because To has made a *prima facie* showing that one of his claims meets statutory criteria set forth in 28 U.S.C. § 2255(h), his application for leave to file a second or successive motion is hereby GRANTED in part and DENIED in part.

5