IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12785-K
_____

IN RE: CONGHAU TO,

                                                                                                   Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before:   MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

B Y   T H E   P A N E L:

      Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Conghau To has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255.  Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  *Id.* § 2244(b)(3)(C); *see also*

*Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, To seeks to raise one claim in a second or successive § 2255 motion. To claims that the government improperly based his federal racketeering and conspiracy convictions on state offenses, in violation of his due process rights. To also claims that the district court sentenced him to life imprisonment for first-degree murder, even though he already pled guilty to second-degree murder in state court. To indicates that his claim relies on newly discovered evidence. To also cites to several Supreme Court cases in support of his claim, including *Ohio v. Johnson*, 467 U.S. 493 (1984), *Johnson v. United States*, 135 S. Ct. 2551 (2015), *United States v. Gaudin*, 515 U.S. 506 (1995), *In re Winship*, 397 U.S. 358 (1970), *Heath v. Alabama*, 474 U.S. 82 (1985), *Duncan v. State of La.*, 391 U.S. 145 (1968), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

In this case, To does not meet the statutory criteria for granting his application. To's allegations cannot constitute newly discovered evidence, because the factual predicate would have been known to him at the time he filed his initial § 2255 motion in 1999. 28 U.S.C. § 2255(h)(1). To the extent To attempts to rely on a new rule of constitutional law, several of the cases To cites were published before To's original habeas motion in 1999, and thus do not constitute cases that were "previously unavailable." *Id.* § 2555(h)(2). With respect to *Apprendi*, *Blakely*, and *Booker*, we have held that the Supreme Court has not made those cases retroactive on collateral review. *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000); *In re Dean*, 375 F.3d 1287, 1290

(11th Cir. 2004); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).[1]   Accordingly, because To has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

---

[1] We note that we previously granted in part To's application to file a successive § 2255 motion based on *Johnson*.   That § 2255 motion is still pending with the district court.

3

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 12, 2017

Elizabeth Warren
U.S. District Court
801 N FLORIDA AVE
TAMPA, FL 33602-3849

Appeal Number: 17-12785-K
Case Style: In re: Conghau To
District Court Docket No: 8:94-cr-00293-EAK-TBM-1

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Beth Johnson-Kellmayer, K
Phone #: (404) 335-6172

Enclosure(s)

DIS-4 Multi-purpose dismissal letter