UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONGHAU HUU TO,

                            Case No.  8:17-cv-1181-T-17TBM
                                 8:94-cr-293-T-17TBM

v.

UNITED STATES OF AMERICA,
_____

## **O R D E R**

This cause is before the Court on pro se Huu To's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence. (Doc. cv-1; cr-669).

On July 28, 2016, the Eleventh Circuit granted Huu To's application to file a successive motion to vacate on count 7 of his Indictment -- using a firearm during an attempted Hobbs Act robbery. (*See* Doc. cr-667). Huu To then filed the present motion to vacate on May 11, 2017.

Although Huu To received permission from the Eleventh Circuit Court of Appeals to pursue a second-or-successive section 2255 motion, this Court must consider the merits of Huu To's claim(s).  After doing so, the Court has determined that Huu To's motion must be denied.

**PROCEDURAL HISTORY**

Huu To was a ringleader of the "V-Boys," a Vietnamese-American criminal enterprise.  He personally participated in two robberies and an attempted murder, and

helped orchestrate a murder and attempted robbery. *United States v. Huu To, et al.*, 144 F.3d 737, 743 (11th Cir. 1998). Huu To and his coconspirators were charged in a nine-count indictment with racketeering violations, robberies, an attempted robbery, and firearms offenses. (Doc. cr-3).

Relevant here are the attempted robbery and guns that were carried during the attempted robbery -- one of which was Huu To's shotgun. (Presentence Investigation Report ("PSR") ¶¶ 20-23). Those crimes gave rise to count four, attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and count seven, using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. cr-3). A jury found Huu To guilty of all counts, including counts four and seven. (Doc. cr-328).

The Court sentenced Huu To to life imprisonment for his participation in the racketeering offenses. (Doc. cr-417). Concurrent to his life term, Huu To received a 240-month sentence for the attempted robbery charged in count four and an additional consecutive 60-month sentence for the firearms charged in count seven. (Id.).

Huu To appealed, and the Eleventh Circuit affirmed his judgment and convictions. (Docs. cr-418, 531). Soon after, Huu To filed a myriad of unsuccessful collateral attacks. (Docs. cr-544, 567, 570, 659, 661). Subsequently, Huu To filed the present motion to vacate based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In the present Order, the Court addresses only counts four and seven and the facts related to those courts. (*See United States v. To, et al.,* 144 F.3d 737 (11th Cir. 1998).)

STATE OF FACTS

Huu To and others schemed to rob the manager of a restaurant. Ultimately, the

group procured guns and decided that three coconspirators should commit the robbery. The coconspirators followed the victim and attacked him. After struggling with the victim and shooting him twice, a coconspirator fired one last shot. That shot hit the victim directly in the chest. The shooter calmly walked back to the group, his shirt covered with blood, and got a ride home. A witness later testified at trial that the victim did not have any money. The shooter confessed to police that he killed the victim on orders from Huu To and others. The murder weapon eventually wound up in Huu To's possession.

## MEMORANDUM OF LAW

Huu To's successive section 2255 motion asserts entitlement to relief based on the new rule of constitutional law announced in *Johnson*, 135 S. Ct. 2551. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and that imposing an increased sentence under that provision therefore violates due process. Huu To challenges his conviction and sentence for using and carrying a firearm during and in relation to a crime of violence, namely, attempted Hobbs Act robbery, on the grounds that the risk-of-force clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under *Johnson.*

Section 924(c)(3)(B) defines the term "crime of violence" as a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). While the two clauses are similar, the section 924(c) risk-of-force clause does not suffer from the same problems that plagued the ACCA's residual clause and ultimately led to its demise. Nevertheless, the Eleventh Circuit authorized the filing of Huu To's successive section 2255 motion after determining that he had made "a prima facie showing" that his

application satisfied the requirements of sections 2255(h) and 2244(b)(3)(C). (Doc. cr-667). The Eleventh Circuit's certification that a prima facie showing has been made is only a threshold determination. *See Jordan v. Sec'y Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007). This Court must decide whether Huu To has met the statutory criteria of section 2255(h). (*See id.* at 1357 ("the district court not only can, but must, determine for itself whether those [§ 2255(h)] requirements are met"); 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). In making that determination, this Court owes no deference to the Eleventh Circuit's prima determination that the requirements have been met, and instead must conduct a de novo review. *Jordan*, 485 F.3d at 1357; (Doc. cr-667 at 4-5); *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (threshold determination by appellate court is a "limited determination" and district court must decide "fresh" if the requirements of section 2255(h) are met, and, if they are, then consider the merits of the motion).

### Burden of Proof

In general, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of his claim, *see In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see Frady*, 456 U.S. at 164-66. Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the defendant has failed to carry his burden. *Moore*, 830 F.3d at 1273; *cf. United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (in plain error review, "the burden truly is on the defendant

to show that the error actually did make a difference … Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.").

Huu To cannot meet his heavy burden because his claim is not valid. Huu To's motion is untimely; although he has survived section 2255(h)'s high hurdle, he cannot rely on *Johnson* to refresh his one-year statutory filing deadline. 28 U.S.C. § 2255(f)(3). His claim is also meritless. First, attempted Hobbs Act robbery is a crime of violence under section 924(c)'s use-of-force clause, 18 U.S.C. § 924(c)(3)(A). Lastly, Huu To's contemporaneous conviction qualifies under the recently-validated risk-of-force clause. *Ovalles v. United States*, 861 F. 3d 1257, 1263 (11th Cir. 2017) (void-for-vagueness doctrine does not extend to section 924(c)(3)(B)).

**Timeliness**

A defendant may file a second-or-successive section 2255 motion if he first obtains a certification from the court of appeals allowing another motion. 28 U.S.C. § 2255(h). But even if a successive movant passes through the section 2244 portal, he still must establish that his motion was timely filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized … and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). Huu To cannot rely on 28 U.S.C. § 2255(f)(3).

Because *Johnson* does not establish the right Huu To is asserting, his claim fails to meet the strict limitations of section 2255(f)(3). He is not challenging a sentence imposed under the ACCA, whose statutory definition was affected by Johnson. Instead, he is challenging a conviction under section 924(c). The Supreme Court has not addressed

5

whether section 924(c)(3)(B) is unconstitutionally vague, let alone held that it is. Although the Supreme Court might someday hold that the definition of "crime of violence" in section 924(c) is unconstitutionally vague, thereby granting prisoners convicted of violating section 924(c) a new year in which to challenge their convictions, it has not yet done so.

### Cognizability

Huu To's Johnson-based challenge to his conviction and sentence is cognizable because it alleges that his sentence was imposed "in violation of the Constitution … of the United States." *See* 28 U.S.C. § 2255(a).

### Procedural Default

Huu To asserts that, in light of *Johnson*, his section 924(c) conviction is erroneous. This claim is procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001)). Claims that are ripe for direct appeal but not raised are procedurally defaulted, and may not be raised for the first time in a motion to vacate under section 2255. *Lynn*, 365 F.3d at 1234. "This rule generally applies to all claims, including constitutional claims." *Id.* (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)).

A movant may avoid a procedural default either by showing (1) cause for and prejudice from the default, or (2) that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Huu To does invokes the "actual innocence" exception

in his motion and, but his claim is one of legal innocence of his section 924(c) conviction, not factual innocence. (*See* Doc. cv-1 at 2); *McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011).

"[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." *Lynn*, 365 F.3d at 1235 (citing *Smith v. Jones*, 256 F.3d 1135, 1145 (11th Cir. 2001)). The movant must also show that "actual prejudice" resulted from the claims' not being raised on direct appeal. *Lynn*, 365 F.3d at 1234 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Huu To has double defaulted on his *Johnson* claim. He did not challenge section 924(c)(3)(B)'s risk-of-force clause in the district court. (*See* Doc. cr-483 at 5-17. Moreover, while Huu To did appeal his convictions and sentences, he did not challenge the risk-of-force clause. *See United States v. Huu To, et al.*, 144 F.3d 737 (11th Cir. 1998); *see also* Doc. cv-3 at 5.

Huu To's default cannot be avoided because he has not -- and, in any event, could not -- establish cause and actual prejudice. He could not establish cause because no external factor impeded his efforts to comply with the procedural default rule. Huu To identifies no impediment to challenging the risk-of-force clause on direct appeal. Indeed, here he does not assert ineffective assistance on appeal. (*See* Civ. Doc. cv-1.)

Moreover, he cannot rely on *Johnson* to establish cause because the decision's basis is not so novel that it would not have been reasonably available to his counsel. *See Reed v. Ross*, 468 U.S. 1, 16 (1984). The type of novelty required is more than a showing

that circuit precedent foreclosed the claim at the time of direct review. *See Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982) ("Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.").

At each prior stage in the proceedings, Huu To could have asserted that the risk-of-force clause is unconstitutionally vague, just as Samuel Johnson did with respect to the residual clause of the ACCA, and just as defendants have done in numerous other cases. *See, e.g., United States v. Johnson*, 570 F. App'x. 852, 856 (11th Cir. 2014); *United States v. Gandy,* 710 F.3d 1234, 1239 (11th Cir. 2013); *see also United States v. Hudson*, 673 F.3d 263, 268-69 (4th Cir. 2012). He did not do so.

Huu To also cannot establish that the failure to raise his claim would have worked to his actual and substantial disadvantage because, as detailed below, his *Johnson* claim is meritless. *See United States v. Frady*, 456 U.S. 152, 170 (1982) (actual prejudice requires "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.") Therefore, this Court ultimately need not reach the merits of his *Johnson* claim.

### Merits

On the merits, Huu To is not entitled to relief. Huu To's conviction for attempted Hobbs Act robbery satisfies both the use-of-force clause and the risk-of-force clause in section 924(c)(3).

### Use-of-force Clause

Attempted Hobbs Act robbery categorically qualifies as a crime of violence under section 924(c)(3)(A). Hobbs Act robbery is "the unlawful taking or obtaining of personal

property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."[1] 18 U.S.C. § 1951(b)(1). The Eleventh Circuit recently held that "Hobbs Act robbery … clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)" because the elements of that crime include the use, attempted use, or threatened use of physical force against the person or property of another. *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016); *see also In re Gordon*, 827 F.3d 1289, 1294 (11th Cir. 2016) (holding, based on *Saint Fleur*, that a Hobbs Act robbery conviction is a crime of violence under the elements clause of section 924(c)(3)(A)); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that defendant's aiding and abetting Hobbs Act robbery "clearly qualifie[d] as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."). *Saint Fleur* is binding precedent, even though it arose in the context of an application to file a second or successive section 2255 motion. *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) ("To be clear, our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions.").

Other courts likewise have held, both before and after *Johnson*, that Hobbs Act robbery qualifies as a crime of violence under section 924(c)'s use-of-force clause. *See*

---

[1] The Hobbs Act criminalizes both the use of extortion and the use of robbery to affect commerce, *see* 18 U.S.C. § 1951(a). The indictment in this case charged robbery by physical force and threats of physical force, not extortion, and Huu To was found guilty of committing attempted robbery. (*See* Doc. cr-3 at 14 (charging that Huu To had attempted to take property "by means of actual and threatened force, violence, and fear of injury"); (Doc. cr-328). Huu To does not dispute that this case involves robbery and not extortion.

*United States v. Anglin*, 846 F.3d 954, 965 (7th Cir.) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A)."), petition for cert. docketed, No. 16-9411 (U.S. May 31, 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir.) (citing cases and joining five other Circuits that have ruled that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A)), *cert. denied*, No. 16-9008, 2017 WL 1807389 (U.S. June 5, 2017); *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (observing that substantive Hobbs Act robbery "indisputably qualifies as a crime of violence" because it "contain[s] [an] element of 'actual or threatened force, or violence'").

These decisions make sense because, by its plain terms, Hobbs Act robbery requires the use of "actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property" or to the person or property of someone in his company at the time of the taking. 18 U.S.C. § 1951. Thus, it has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A).

Moreover, even though a person may commit Hobbs Act robbery by putting a victim in "fear of injury, immediate or future" to his person or property, and even though this Court's jury instructions defined "fear" to include "the fear of economic loss as well as fear of physical violence," *see* doc. cr-326 at 24, the Supreme Court has made clear that the use of the categorical approach to determine whether a particular predicate conviction constitutes a crime of violence "requires more than the application of legal imagination to [the] ... statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). There must be "a realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a crime of violence. *Id.*

That Huu To's conviction is for *attempted* Hobbs Act robbery is of no moment. It is clear that attempted Hobbs Act robbery qualifies as a violent felony under the use-of-force clause just as Hobbs Act robbery does. Indeed, the language of the clause itself states that a violent felony is a crime that "has as an element the use, *attempted use*, or threatened use of physical force… ." 18 U.S.C. § 924(c)(3)(A) (emphasis added); *see also* 18 U.S.C. § 924(e)(2)(B)(i) (analogous ACCA provision). Numerous courts, including the Eleventh Circuit, have concluded that attempted robbery, under various state statutes, qualifies as a crime of violence pursuant to ACCA's "elements" clause. *See United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (finding that attempted robbery satisfied the elements clause of the analogous "crime of violence" provision of the Sentencing Guidelines);[2] *United States v. Thomas*, 13 F. App'x. 233, 241 (6th Cir. 2001) (unpublished); *United States v. Harrington*, 370 F. App'x. 216, at *4 (2d Cir. 2010) (unpublished); *United States v. Mansur,* 375 F. App'x. 458, 463–64 (6th Cir. 2010) (unpublished); United States v. Johnson, 526 F. App'x 708 (8th Cir. 2013), reversed and remanded on other grounds, *Johnson v. United States*, 135 S. Ct. 2551 (2015).

This Circuit and others have applied the fear-of-financial-loss definition only in the context of Hobbs Act extortion, not when a violent armed robbery is at issue. *See, e.g., United States v. Flynt*, 15 F.3d 1002, 1007 (11th Cir. 1994) (a Hobbs Act extortion offense

---

[2] The definitions of "violent felony" in the ACCA and "crime of violence" in the Sentencing Guidelines are "virtually identical." *United States v. Taylor*, 489 F.3d 1112, 1113 (11th Cir. 2007), *vacated on other grounds,* 555 U.S. 1132 (2009). Accordingly, because the two terms are so similar, cases concerning one definition "provide important guidance" concerning the other. *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).

occurs when a defendant exploits a victim's reasonable fear of economic loss); *United States v. Haimowitz,* 725 F.2d 1561, 1572 (11th Cir. 1984) (upholding Hobbs Act extortion conviction based on victim's fear that defendant would interfere with his ability to get a liquor license for his supper club); *United States v. Rastelli*, 551 F.2d 902, 904 (2d Cir. 1977) ("The defendants' conduct in this case in intentionally creating in their victims a fear of economic loss if the victims failed to 'kickback' constituted extortion."); *United States v. Iozzi*, 420 F.2d 512, 514 (4th Cir. 1970) ("Consequently, we hold that obtaining money through the fear of economic injury induced by threats or force constitutes extortion under the Act."); *United States v. Kramer*, 355 F.2d 891, 897 (7th Cir.) ("Conduct that brings about a state of mind of fear of financial loss constitutes extortion under the Hobbs Act."), vacated in part on other grounds, 384 U.S. 100 (1966). The "fear of injury" required to establish a section 1951(b)(1) robbery offense is the fear of injury from the use of force, not from the possibility of financial harm. *United States v. Pena*, 161 F. Supp. 3d 268, 281 (S.D.N.Y. 2016) (explaining that the text and history of the Hobbs Act establishes that section 1951(b)(1) robbery requires at least a showing of an unlawful taking by putting the victim in fear of injury from the use of force). Consequently, Huu To's attempted Hobbs Act robbery here constitutes a crime of violence for purposes of section 924(c)(3)(A).

### Risk-of-force Clause

Huu To's attempted Hobbs Act robbery conviction also clearly satisfies the risk-of-force clause. On June 30, 2017, the Eleventh Circuit issued its decision in *Ovalles*, holding that "Johnson's void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)" because it "simply do[es] not suffer from the uncertainties found

by the Supreme Court in § 924(e) cases." 2017 WL 2829371, at *7, 8.[3] With the risk-of-force clause validated, Huu To's argument cannot succeed.

Hobbs Act robbery "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). It therefore qualifies as a "crime of violence" under the risk-of-force clause as well as under the use-of-force clause. *See, e.g., United States v. Quashie*, 2016 WL 638052, at *5 (E.D.N.Y., Feb. 17, 2016) ("Even if a Hobbs Act robbery does not fall within the force clause of the statute, it would fall within the residual clause," which "is not unconstitutionally vague."); *see also, e.g., United States v. Green*, No. RDB-15-0526, 2016 WL 277982, at *3-4 (D. Md., Jan. 22, 2016); *United States v. Walker*, No. 3:15cr49, 2016 WL 153088, at *8-9 (E.D. Va., Jan. 12, 2016); *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *8 (E.D. Mich. Dec. 18, 2015); *United States v. McDaniels*, 2015 WL 7455539, at *6-7 (D. Me. Nov. 23, 2015).

Nothing in Huu To's reply convinces this Court that his § 2255 motion has any merit.

Accordingly, the Court orders:

That Huu To's 28 U.S.C. § 2255 motion to vacate, set aside or correct an illegal sentence (Doc. cv-1; cr-669) is denied.  The Clerk is directed to terminate any pending motions, to enter judgment for the Government and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

---

[3] The Eleventh Circuit has withheld the mandate in *Ovalles*, but nonetheless, its decision is currently binding on this Court.

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is required to pay the $505.00 appellate filing fee unless the appellate court grants Petitioner in forma pauperis status on appeal.

ORDERED at Tampa, Florida, on August 17, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Conghau Huu To